# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORREY VON ZENON,<br><br>        Petitioner,<br><br>   v.<br><br>C. LEPE,[1]<br><br>        Respondent. | Case No. 1:20-cv-00166-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 12)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE AND SUBSTITUTE RESPONDENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California, serving a 384-month term of imprisonment. (ECF No. 12 at 1).[2] On January 22, 2020, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner challenges a prison disciplinary proceeding (Incident Report 3161399) in which he

---

[1] C. Lepe is the Acting Warden at the Federal Correctional Institution in Mendota, where Petitioner is housed. Accordingly, C. Lepe is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

was found guilty of possession of drugs, in violation of BOP Code 113. Petitioner was sanctioned with the loss of 41 days of good time credit, 30 days in the Special Housing Unit, and the loss of 180 days of phone and commissary privileges. Petitioner asserts that he never received a copy of the disciplinary hearing officer's report, in violation of due process. (ECF No. 1 at 2–3).

On June 2, 2020, Respondent filed a motion to dismiss the petition as moot because the disciplinary violation at issue has been expunged and all sanctions reversed and removed. (ECF No. 12). Petitioner has not filed any opposition or statement of non-opposition, and the time for doing so has passed.

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and *likely to be redressed by a favorable judicial decision*.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (emphasis added) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner appears to seek expungement of the challenged disciplinary violation. (ECF No. 1 at 6). Respondent has submitted the declaration of Ismael Hernandez, which states that the incident report that forms the basis of Petitioner's habeas petition "has been expunged and all sanctions reversed." (ECF No. 12-1 at 3). The declaration is supported by a copy of Petitioner's Inmate Discipline Incident Report History, which reflects that Incident Report 3161399 was expunged on May 27, 2020. (ECF No. 12-1 at 4).

Given that Petitioner has received the remedy he requested in his petition, the Court finds that no case or controversy exists.

///

///

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 12) be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE C. Lepe as Respondent in this matter and randomly ASSIGN this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 25, 2020**

UNITED STATES MAGISTRATE JUDGE